# TIFFANY & BOSCO
## P.A.

**2525 EAST CAMELBACK ROAD**
**THIRD FLOOR**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-04768

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Amber Nicole Davis<br>   Debtor.<br><br>Midfirst Bank<br><br>   Movant,<br> vs.<br><br>Amber Nicole Davis, Debtor; Edward J. Maney, Trustee.<br><br>   Respondents. | No. 2:09-bk-10247-GBN<br><br>Chapter 13<br><br>MOVANT'S MOTION TO LIFT THE AUTOMATIC BANKRUPTCY STAY<br><br>RE: Real Property Located at<br>7857 2 4th Ave<br>Phoenix, AZ 85041 |

  Movant hereby requests an order granting relief from the automatic stay of 11 U.S.C. 362(a), and to permit Movant to foreclose the lien of its Deed of Trust on real property owned by Debtor, by trustee's sale, judicial foreclosure proceedings or the exercise of the power of sale, and to obtain possession and control of the real property.

  This motion is supported by the attached Memorandum of Points and Authorities, which is …

incorporated herein by this reference.

DATED this 5th day of March, 2010.

Respectfully submitted,

TIFFANY & BOSCO, P.A.


BY   /s/ MSB # 010167
      Mark S. Bosco
      Leonard J. McDonald
      Attorney for Movant

## **MEMORANDUM OF POINTS AND AUTHORITIES**

1. Amber Nicole Davis filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code. Edward J. Maney was appointed Trustee of the bankruptcy estate.

2. Debtor Debtor has certain real property located in Maricopa County, Arizona, more particularly described as:

LOT 51, OF BASELINE PLACE, ACCORDING TO THE PLAT OF RECORDIN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA IN BOOK 644 OF MAPS, PAGE 18.

3. Debtor executed a Note secured by a Deed of Trust, dated December 22, 2004, recorded in the office of the Maricopa County Recorder's Office. True copies of the Note and Deed of Trust are annexed as Exhibits "A" and "B", respectively, and made a part hereof by this reference. Further, Movant is the assignee of the Deed of Trust. The assignment of record is annexed as Exhibit "C".

4. By virtue of the Note and Deed of Trust, Movant has a secured interest in the property described herein and a secured claim against Debtor. Movant may seek leave of Court to specify any further encumbrances against the Property at the time of the Preliminary and/ or Final Hearing hereon.

5.   Debtor is in default on the obligation to Movant for which the property is security, and payments are due under the Promissory Note from and after June 1, 2008.  Post-petition payments are due as follows:

| | |
|---|---:|
| 6 Monthly Payments(s) at $1,371.00 | $8,226.00 |
| (October 1, 2009 - March 1, 2010) | |
| Motion for Relief Filing Fee | $150.00 |
| Attorneys Fees | $800.00 |
| Accrued Late Fees | $47.69 |
| Suspense Amount | ($88.58) |
| Total | $9,135.11 |

Furthermore, each subsequent payment becomes on the 1st day of every month thereafter, and a late charge becomes due on any payment not paid within fifteen (15) days from the date the monthly payment is due.

6.   Debtor is indebted to Midfirst Bank for the principal balance in the amount of $162,647.09, plus accruing interest, costs, and attorneys fees.

7.   Further, Movant seeks relief for the purpose of foreclosing its Deed of Trust against the Debtor's interest in the real property located at 7857 2 4th Ave., Phoenix, AZ.  The Movant further seeks relief in order to contact the Debtor by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

8.   Pursuant to the Note and Deed of Trust Movant is allowed to request this court to grant reasonable attorney's fees and costs and allowing payment of Movant's attorney's fees and costs pursuant to 11 U.S.C. Section 506(b) which state as follows:

> To the extent that an allowed secured claim is secured by property value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim and any reasonable fees/costs, or charges provided for under the agreement which such claim arose.

## **CONCLUSION**

Movant requests that the court enter an order vacating the automatic stay of 11 U.S.C. Section 362(a) and Movant may immediately enforce and implement the order for relief from the automatic stay as to the debtor their bankruptcy estate, the property, and Movant; to allow Movant to foreclose the lien of its Deed of Trust or Mortgage; to evict debtors and/or successors of debtor and to obtain ownership, possession and control of the Property.

DATED this 5th day of March, 2010.

                                  BY  /s/ MSB # 010167
                                         Mark S. Bosco
                                         Leonard J. McDonald
                                         2525 East Camelback Road
                                         Ste. 300
                                         Phoenix, Arizona 85016
                                         Attorneys for Movant